CURTIS SOMERS, APPELLANT, v. JOHN C. STEELMAN, APPELLEE.

Argued June 2, 1908—Decided November 9, 1908.

The finding of the Circuit Court upon the facts in a contested election case is binding upon this court under the provisions of the Election act of 1898 (*Pamph. L., p.* 237), if there be any evidence to support such finding.

Appeal on petition from the Circuit Court of Atlantic county.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *Repetto & Repetto* and *Clarence L. Cole.*

For the appellee, *Bourgeois & Sooy.*

The opinion of the court was delivered by

MINTURN, J. John C. Steelman, the incumbent, was declared elected mayor of Linwood, in Atlantic county, at the election in November, 1907, by one majority. His opponent, the contestant here, filed a petition in the Circuit Court seeking to avoid the election of Steelman upon the ground of misconduct of the election board, and the reception of sufficient illegal votes for Steelman to change the result; and upon this issue the Circuit Court decided in favor of the incumbent. We are asked, upon this petition of appeal, to reverse the result declared by that court, because three electors, Ireland, Steelman and Elder, whose votes were cast for the incumbent, had no legal right to vote; while the incumbent insists to the contrary, and contends that the vote of one Steiger, which was cast for the contestant, should not be counted, for the reason that Steiger was not entitled to vote. Upon the argument of this appeal the contest regarding Steelman's vote (a person

other than the incumbent) was abandoned, thus narrowing the question at issue to the legality of the votes of Elder and Ireland, cast for the incumbent, and of Steiger, cast for the contestant.

The Election act under which this appeal is taken authorizes an appeal "for error of law only" (*Pamph. L.* 1898, *p.* 237, § 175), and the finding of the Circuit Court upon the facts, therefore, must be accepted by this court as final, if there be any evidence to support it. *Cleary* v. *Kendall,* 13 *N. J. L. J.* 134; *In re Election of Register Essex County,* 12 *Id.* 271.

We think there was such evidence. Elder's vote was challenged because he did not have a legal residence in Linwood. He seemed to be unsettled in his habits, and of a nomadic disposition; but the court found, upon the testimony, that if he had a habitat at all it was at Linwood, towards which place he possessed that *animo revertendi,* which is the guiding test in such cases. *Stout* v. *Leonard,* 8 *Vroom* 492; *Kugler* v. *Shreeve,* 4 *Dutcher* 129, 132.

Under the limited power of review contained in the statute we must accept this finding as correct.

Upon similar ground the court rejected the vote of Steiger, finding upon the evidence that he was not entitled to vote at Linwood. Ireland was an invalid, and his vote was taken outside of the election booth by one of the election officers and carried by him to the box and there deposited. This procedure seems to have been without warrant under the statute, but it is unnecessary for the purpose of this appeal to determine the question, because the rejection of Ireland's vote upon that ground would be counterbalanced by the rejection of Steiger's vote, and would leave the result as it was returned by the election board.

We conclude, therefore, that the judgment of the Circuit Court should be confirmed.